**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawna Forde, | No. CV-21-00098-TUC-SHR |
| Petitioner, | **ORDER** |
| v. | <u>DEATH PENALTY CASE</u> |
| David Shinn, | |
| Respondents. | |

Before the Court is Respondents' Motion To Preclude Victim Contact (Doc. 12), which requests an order precluding Petitioner's counsel from directly contacting any victim in this case and directing Petitioner's counsel to initiate any such contact through Respondents' counsel. Petitioner opposes the motion. (Doc. 13.)

**I.  Background**

Shawna Forde ("Petitioner") is an Arizona death row inmate seeking habeas relief in this Court. She was convicted in Pima County Superior Court of two counts of first-degree felony murder and six other felonies committed during a home invasion and sentenced to death. *State v. Forde*, 315 P.3d 1200, 1209 (Ariz. 2014).

After her convictions and sentences were affirmed on appeal, Petitioner unsuccessfully pursued post-conviction relief in state court. On March 9, 2021, she filed a notice of intent to seek habeas corpus relief in this Court. (Doc. 1.) The Court appointed counsel and set a deadline of August 10, 2021, for Petitioner to file her habeas petition. (Docs. 5, 11.)

## II. Discussion

Respondents assert the federal Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771, mandates state crime victims receive "all rights due in a habeas case" and request the court preclude Petitioner's defense team from directly contacting any victim in this case and instead order any such contact must be initiated through counsel for Respondents. (Doc. 12 at 2.)

As discussed in greater detail below, the Court will deny the request because Respondents, the Director of the Arizona Department of Corrections and the Warden at The Arizona State Prison – Perryville Complex, lack standing to enforce the provisions of the CVRA in these federal habeas proceedings. *See* 18 U.S.C. § 3771(b)(2)(B)(i). Even if Respondents had standing, the requested relief is inconsistent with state law that provides for the expiration of the requested protections at the conclusion of state court post-conviction relief proceedings. *See* A.R.S. § 13-4402(A). Finally, Respondents impermissibly ask for resolution of a dispute that has not and may never ripen[1], and ask the Court to presume all direct contact with victims by Petitioner's defense team violates a victim's rights to dignity and privacy. *Cf. United States v. Howard*, 793 F.3d 1113, 1114 (9th Cir. 2015) (Kozinski, J., concurring) ("Defendants should not be presumed to engage in witness tampering or intimidation; only if there is actual proof of tampering or intimidation should the district judge get involved.").

### A. Standing

The CVRA states that in federal habeas proceedings arising out of state court convictions, the court shall ensure a crime victim is afforded "[t]he right not to be excluded from any . . . public court proceeding"; "[t]he right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding"; "[t]he right to proceedings free from unreasonable delay"; and "[t]he right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(3), (4), (7), (8); (b)(2)(A).

---

[1] *see United States v. Freuhauf*, 365 U.S. 146, 157 (1961) (declining to issue advisory opinion)

Respondents, however, lack standing to enforce the provisions of Arizona law through the CVRA. While the Government may assert a victim's rights in a federal criminal trial[2], only the crime victim or the crime victim's lawful representative may enforce the CVRA in federal habeas proceedings. 18 U.S.C. § 3771(b)(2)(B)(i). And in Arizona, "the rule is well established that a prosecutor does not 'represent' the victim in a criminal trial." *State ex rel. Romley v. Superior Ct. In & For Cty. of Maricopa*, 891 P.2d 246, 250 (Ariz. App. 1995).[3] The Court cannot assume Respondents' interests and the victims' interests are coextensive.

Though Petitioner does not challenge Respondents' standing, the Court has an independent duty to assure standing exists. *See Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). The Court finds Respondents do not have statutory authority to invoke the CVRA on the state victim's behalf. Petitioner correctly notes Respondents have not asserted that any victim in this case has expressed a desire to avoid direct contact with Petitioner's counsel. Petitioner acknowledges every *victim* has the right to decline an interview request. (Doc. 14 at 4.) Accordingly, the Court will deny Respondents' motion for lack of standing.

**B. Arizona State Law**

Even if Respondents' had standing to enforce the CVRA, and the Court "liberally construed" the CVRA to include the right to be free from unsolicited, direct contact with a prisoner's agents "consistent with Arizona law," the statutory provision Respondents seek to enforce expires at the conclusion of state court proceedings.

The "Arizona law" at issue, A.R.S. § 13-4433(B), is one of several statutory provisions enacted to implement Arizona's Victims' Bill of Rights ("VBR"), known as the Crime-Victims' Rights Implementation Act, A.R.S. § 13-4401 *et seq.* ("CVRIA"). The VBR consists of twelve specific rights to "preserve and protect victims' rights to justice

---

[2] *see* 18 U.S.C. § 3771(a) and (d)(1)
[3] Under Rule 39, Arizona Rules of Criminal Procedure, a state prosecutor does have standing to assert any of the rights a victim is entitled to in any criminal proceeding upon the victim's request. *See* Ariz. R. Crim. P. 39(d)(2). The Rule acknowledges that conflicts may arise between the prosecutor and the victim in asserting the victim's rights and provides a mechanism for resolving them. *See* Ariz. R. Crim. P. 39(d)(3).

and due process," including the right of a crime victim "[t]o be treated with fairness, respect, and dignity, and to be free from intimidation, harassment or abuse, throughout the criminal justice process." Ariz. Const. Art. 2, § 2.1(A)(1); *see State ex rel. Romley v. Hutt*, 987 P.2d 218, 221 (Ariz. App. 1999) (discussing provisions of Arizona's Victims' Bill of Rights and implementing legislation). Section 13-4433(B) states defense counsel[4] may contact the victim or the victim's immediate family only through the prosecutor. The latter provision is not a right provided to victims by the Arizona Constitution.

Contrary to Respondents unsupported assertion that "the Arizona Legislature has specifically directed that Arizona's victims' rights protections apply until a case's final disposition, including *during related federal court litigation*," (Doc. 12 at 4) (emphasis added), the statutory provisions of the VBR contemplate the expiration of the rights and duties established under A.R.S. § 13-4433(B) at the conclusion of state court proceedings. *See* A.R.S. § 13-4402(A); *see also* Ariz. R. Crim. P. 39(a)(3)("A victim retains the rights provided in these rules until the rights are no longer enforceable under A.R.S. §§ 13-4402, 13-4402.01, and 13-4433."). The rights and duties established under A.R.S. § 13-4433(B) continue to be enforceable until the "final disposition of the charges,"[5] all "post-conviction release and relief proceedings and the discharge of all criminal proceedings relating to restitution."[6] *Id.* Respondents incorrectly argue CVRIA's definition of 'appellate proceedings' somehow insinuates a continuation of protections through related federal litigation. However, Section 4402(A)—which provides for the cessation of § 4433's protections—does not contain the term "appellate proceedings"; thus, Respondents' suggestion the term somehow applies to § 4433 is misleading.

Unlike the definition of the term "appellate proceedings," there is no reason to

---

[4] References to defense counsel in this order are intended to encompass a defendant's attorney or any other agent of the defendant, including other members of the defense team such as investigators or paralegals.
[5] "Final disposition" is defined in the CVRIA to mean "the ultimate termination of the criminal prosecution of a defendant by a trial court, including dismissal, acquittal or imposition of a sentence" A.R.S. § 13-4401(1).
[6] Neither party has indicated whether any victim is owed restitution in this matter. Because the Court finds Respondents lack standing to enforce the CVRA in any event, evidence of restitution owed to any victim would not make a difference to the Court's final decision.

believe the term "postconviction relief proceedings," in the relevant section includes federal habeas review. *See* A.R.S. § 13-4401(15) ("'Post-conviction relief proceeding' means a contested argument or evidentiary hearing that is held in open court and that involves a request for relief from a conviction or sentence.") In contrast, § 13-4433(H) specifically states a victim's right to refuse an interview remains enforceable "beyond a final disposition" as prescribed in § 13-4402(A). If all the statutory protections in § 13-4433 remained viable after conclusion of state court proceedings, § 13-4433(H) would be superfluous. Moreover, § 13-4433(H) demonstrates the Arizona Legislature was cognizant of the need to address the cessation of certain protections, and concomitant with the right to refuse interviews afforded victims by the Arizona Constitution, chose to enact legislation to protect a victim's right to refuse an interview even after the final disposition of the charges, but not the right to contact by a defendant's or petitioner's defense team only through a prosecutor's office. *Cf. Delgado v. U.S. Att'y Gen.*, 487 F.3d 855, 862 (11th Cir. 2007) ("[W]here Congress knows how to say something but chooses not to, its silence is controlling." (quotations omitted)).

Respondents next assert several Courts in this District have granted relief similar to that requested here. (Doc. 12 at 2–3); *see also Johnson v. Shinn*, CV 18-00889-PHX-MTL (Doc. 15 at 4–6) (compiling cases). None of the cases relied upon by Respondents hold that A.R.S. § 13-4433 directly applies to federal habeas proceedings; in those cases, the court exercised discretion to apply A.R.S. § 13-4433 for purposes of effectuating the CVRA, finding that it furthers the goal of respecting a crime victim's dignity and privacy without unduly burdening the petitioner. *See id.* Although the Court is cognizant of the role the traditional notions of comity and federalism play in habeas proceedings, Respondents have failed to show such notions require application of the CVRIA—whose protections relevant to this order have expired by its own terms—as a state law governing this Court's management and oversight of federal habeas counsel. *Cf. Armstrong v. Shinn*, CV 15-00358-PHX-RM (Doc. 123 at 3). The federal CVRA, rather than the VBR, applies to these federal habeas proceedings. To the extent Respondents invoke the CVRA to preclude

victim contact in these proceedings, they lack standing to do so. *See* 18 U.S.C. § 3771(b)(2)(B)(i).

Citing *State v. Lee*, 245 P.3d 919 (Ariz. App. 2011), Respondents assert the dissipation of a victim's rights under state law after the conclusion of state-court proceedings would "render those rights meaningless." (Doc. 12 at 2.) In *Lee*, an Arizona Appellate Court held a trial court judge in a civil forfeiture case proceeding parallel to a criminal proceeding had erred by compelling pre-trial depositions of the crime victims because "the right to refuse to be deposed is immediately and completely defeated if the defendant can compel a victim to submit to a deposition in a separate proceeding." *Id.* at 924, ¶ 13. But the forfeiture proceedings in *Lee* were concurrent with the criminal proceedings, and as the court explained, the purpose underlying a victim's right to refuse a pretrial interview is to protect the victim's privacy and minimize contact with the defendant prior to trial. *Id.* (citing *State v. Riggs*, 942 P.2d 1159, 1162 (1997)). *Lee* also cited *Champlin v. Sargeant In and For County of Maricopa*, 965 P.2d 763 (Ariz. 1998), that states an additional purpose of the VBR includes the victim's right to be free from retraumatization during the pretrial process, but also emphasizes that nothing in the VBR or § 13-4433 "supports the argument that victims have a blanket right to be shielded from all contact with defendants or their attorneys." *Id.* at 767. The cases cited by Respondents further emphasize the purpose of the § 3344(B) protection is to minimize unwelcome contact with a defendant *prior to trial*. (*See* Doc. 12 at 3–4) (citing *J.D. v. Hegyi*, 335 P.3d 1118, 1121 (2014) ("[T]he right to refuse a defense interview allows a victim to avoid contact with the defendant before trial. The right also respects the victim's privacy, at least in the sense of preventing unwelcome questioning by the defense *before the victim testifies in court*. Such contact or questioning by the defense could subject the victim to further trauma.") (quotations omitted); *State v. Riggs*, 942 P.2d 1159, 1162 (1997) ("A victim's right to refuse a pretrial interview … stems from 'the desire to protect a victim's privacy and minimize contact with the defendant *prior to trial*.'")) (emphasis added).

//

**C. Ripeness and the Court's Inherent Authority**

Finally, citing 28 U.S.C. § 2254(b)(1)(a) and *Cullen v. Pinholster*, 563 U.S. 170, 185 (2011)), Respondents assert Petitioner has no right to discovery in habeas and therefore has no "right" to interview victims or anyone else, and should not need to interview anyone because she may raise only claims that were exhausted in state court based only on the facts the state court considered. (Doc. 12 at 4.) However, Petitioner has not asked the Court for formal discovery; thus, Respondents are seeking a Court order precluding informal investigation. Additionally, Respondents have oversimplified and overstated the controlling law. *Pinholster* holds only that when a claim has been adjudicated in state court, the federal court must confine its review to the state-court record in analyzing whether the petitioner can overcome the limitations of 28 U.S.C. § 2254(d)(1). 563 U.S. at 170. There are situations in which a petitioner may investigate, discover, and present new evidence to overcome the procedural default of a previously exhausted claim, *see Detrich v. Ryan*, 740 F.3d 1237 (2013) (en banc) ("In deciding whether to excuse the state-court procedural default, the district court thus should, in appropriate circumstances, allow the development of evidence . . . ."), present a new claim that may not have been previously discovered through the exercise of due diligence, *see* 28 U.S.C. § 2254(E)(2)(A), or may overcome procedural hurdles to present new evidence directly in support of the merits of a previously defaulted claim, *see Ramirez v. Ryan*, 937 F.3d 1230 (9th Cir. 2019), and *Jones v. Shinn*, 943 F.3d 1211 (9th Cir. 1211), *consolidated and cert granted sub nom. Shinn v. Ramirez*, NO. 20-1009, 2021 WL 1951793 (U.S. May 12, 2021).

Respondents assert, and the Court agrees, it has the inherent authority to regulate the proceeding and enter orders necessary to achieve the orderly and expeditious resolution of its docket, *see Nat. Gas Pipeline Co. of Am., Inc. v. Energy Gathering, Inc.*, 86 F.3d 464, 467 (5th Cir. 1996). It does not necessarily follow the Court has the inherent authority to proscribe otherwise lawful conduct outside the courtroom by Petitioner's defense team beyond the statutorily authorized protections provided to victims under federal law. Federal law does not bar a defense team from contacting victims. *See* 18 U.S.C. §

3771(b)(2)(B)(A). A "statute's carefully crafted and detailed enforcement scheme provides 'strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly.'" *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 254 (1993) (quoting *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146 (1985)). *See also In re Kenna*, 453 F.3d 1136, 1137 (9th Cir. 2006) *(Kenna II)* (rejecting victim's argument that the CVRA "confers a general right for crime victims to obtain disclosure of the [presentence report]" after "[f]ailing to find support for [the victim's] argument in either the language of the statute or the legislative history."). Nor may this Court judicially graft new rights into the statute. *See Transamerica Mortg. Advisors, Inc. (TAMA) v. Lewis*, 444 U.S. 11, 19 (1979) ("It is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it.").

Even if the Court has inherent authority to grant the requested relief, it is not necessary at this time. Respondents assert that incorporating the VBR's restrictions would promote victims' interest in fairness, respect and dignity. The federal CVRA, however, already specifically singles out state crime victims in federal habeas cases and provides them "[t]he right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. §§ 3771(a)(8), (b)(2)(A). The Court does not accept Respondents' position that all contact with surviving victims is per se disrespectful and violative of a victim's privacy and dignity. If that were the case, defendants and petitioners could never contact victims in federal court under the CVRA. The Court finds Respondents have not demonstrated how the CVRA's protections are insufficient to protect state crime victims during federal habeas proceedings. The victims themselves have not requested such protections. Accordingly, the Court declines to directly apply the VBR's restrictions in these proceedings, or to overlay the VBR's restrictions onto the federal CVRA.

This is not to say counsels' conduct regarding victims is without constraint. Arizona's rules of ethics are made applicable to counsel in this case by Local Rule of Civil Procedure 83.2(e). Arizona's Rules of Professional Conduct prohibit counsel from using

"means that have no substantial purpose other than to embarrass, delay, or burden any other person, or use methods of obtaining evidence that violate the legal rights of such a person." Ariz. R. Sup. Ct. 42, E. R. 3.5. As previously discussed, the victims in this case are entitled to the "right to be reasonably protected from the accused" and to be "treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). The Court expects all counsel in this case to abide by these provisions.

Accordingly,

IT IS HEREBY ORDERED Respondents' Motion to Preclude Victim Contact (Doc. 12) is DENIED.

Dated this 22nd day of June, 2021.

*Honorable Scott H. Rash*
United States District Judge