WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawna Forde,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>　　　　　　Respondents. | No. CV-21-0098-TUC-SHR<br><br>DEATH-PENALTY CASE<br><br>ORDER |

Before the Court is Petitioner Shawna Forde's motion for equitable tolling. (Doc. 20.) Forde seeks prospective tolling of the statute of limitations governing her petition for writ of habeas corpus. The motion is fully briefed. (Docs. 22, 24.) For the following reasons, the motion is denied. Forde will be granted 180 days to file an amended petition.

**A.    Background**

Forde filed her statement of intent to file a petition for habeas corpus on March 9, 2021. (Doc. 1.) Forde and Respondents agree the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d), expires on August 10, 2021. (Doc. 10.) Forde asks the Court to equitably toll the statute of limitations for 180 days because extraordinary circumstances caused by the COVID-19 pandemic are preventing her from timely filing her habeas corpus petition. (Doc. 20 at 4.) She asks, in the alternative, that she be permitted 180 days to file an amended petition. (*Id.* at 2.) Respondents oppose Forde's request to equitably toll the statute of limitations but do not oppose her alternative request. (Doc. 22 at 1, 6.)

**B.      Analysis**

A court may equitably toll the AEDPA's statute of limitations if a petitioner establishes that she has been pursuing hers rights diligently and some extraordinary circumstance stood in her way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Respondents allow that it is "conceivable (though not certain, given Forde's failure to promptly initiate habeas proceedings) . . ." that COVID-19 may warrant equitable tolling as to some claims but do not concede that a blanket order granting such tolling in advance is appropriate. (Doc. 22 at 2.) Even assuming COVID-19 constituted an extraordinary circumstance, Respondents argue it is too early to assess Forde's diligence during the entire filing period and is thus too early to determine whether equitable tolling is warranted. (*Id.* at 3.) Respondents also assert Forde is not entitled to "stop-clock" equitable tolling[1] without consideration of claim-specific factors.

Generally, equitable tolling is a form of relief granted retrospectively. The Supreme Court has not passed on whether equitable tolling may be granted prior to the filing of a habeas petition. In the Ninth Circuit, prospective tolling has been practiced in federal courts—particularly California courts—since *Calderon v. U.S. Dist. Court for the Cent. Dist. of Cal.* (*Beeler*), 128 F.3d 1283, 1285 (9th Cir. 1997), *overruled on other grounds by* 163 F.3d 350 (9th Cir. 1998) (en banc). *See Williams v. Chappell*, No. 1:12-CV-01344 LJO, 2013 WL 3863942, at *4–5 (E.D. Cal. July 24, 2013) (citing cases granting prospective equitable tolling). In *Beeler*, the Ninth Circuit denied the state's petition for writ of mandamus challenging the districts court's decision to allow equitable tolling due to the withdrawal of counsel who had diligently pursued the preparation of a petition, but

---

[1] "Stop-clock" tolling is the granting of a motion for equitable tolling to extend the limitations period for the exact duration of the impediment. For example, if counsel is not appointed for 60 days following the initiation of habeas proceedings, a court that performs stop-clock tolling would extend the limitations period for 60 days regardless of any showing of diligence after counsel is appointed or counsel's ability to nonetheless file a timely petition in the absence of tolling.

whose work product was not usable by replacement counsel. 128 F.3d at 1289.

Since *Beeler*, prospective equitable tolling has been utilized to extend the limitations period in a "stop-clock" fashion for the duration of time between a capital habeas petitioner's request for the appointment of counsel and the date counsel is appointed. *See Bunyard v. Davis*, 2016 WL 128429 (E.D. Cal. Jan. 12, 2016) ("Pre-petition equitable tolling in capital cases is widely accepted in this circuit."); *Williams*, 2013 WL 3863942, at *5 ("The Court is well aware that granting equitable tolling during the time capital petitioners await appointment of counsel is widely practiced and sanctioned by the appellate courts.").

The Ninth Circuit's holding in a more recent case, *Smith v. Davis*, 953 F.3d 582, 599 (9th Cir. 2020) (en banc), *cert. denied*, No. 20-5366, 2020 WL 6829092 (U.S. Nov. 23, 2020), calls into question Forde's reliance on *Beeler* and the practice of prospective equitable tolling.

Smith filed a petition for habeas corpus "more than two months after the expiration of the applicable statute of limitations." *Id.* at 585–86. He argued that he was entitled to equitable tolling because his attorney failed to inform him of his unsuccessful state court appeal and failed to provide him with his state court record. *Id.* After Smith learned of his failed appeal and obtained the record, he still had 10 months to file his petition before the expiration of the statute of limitations, but he failed to do so until 66 days after the statute had expired. *Id.*

The Ninth Circuit concluded that Smith was not entitled to equitable tolling. It reasoned that "whether an impediment caused by extraordinary circumstances prevented timely filing is a 'causation question' that requires courts to evaluate a petitioner's diligence in all time periods—before, during, and after the existence of an 'extraordinary circumstance'—to determine whether the extraordinary circumstance actually did prevent timely filing." *Id.* at 595. Applying this standard, it concluded that Smith had not been diligent between the time he obtained his records and the time he filed his petition. *Id.* at

601.

The Ninth Circuit explicitly rejected the argument raised by Smith that Congress established a one-year-statute of limitations with the intent to provide petitioners with 365 impediment-free days to draft and file a petition. *Id.* at 591–92; *accord Kayer v. Schriro*, No. CR-07-2120-PHX-DGC, 2007 WL 4150213, at *2–3 (D. Ariz. Nov. 19, 2007) (rejecting argument that AEDPA provides petitioners with a full year to prepare a habeas petition and finding petitioner's request for equitable tolling filed before the expiration of the statute of limitations premature).

A petitioner "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Id.* at 598–99. Assuming Forde can demonstrate extraordinary circumstances, as Respondents explain, "[d]iligence during the entire filing period cannot be ascertained until that period has elapsed." (Doc. 22 at 2–3.) Forde "cannot show that [s]he has exercised diligence during [her] entire filing period when [s]he seeks tolling before that period concludes," (*id.*), or, in fact, before the petition is filed. *See Smith*, 953 F.3d at 598–99.

Forde asserts that *Smith* was wrongly decided. (Doc. 20 at 14 n.12.) She also argues that judges in this District have erroneously characterized *Smith* as "implicitly rejecting prospective tolling." (*Id.* at 14.) Forde notes that overruling by implication is disfavored and that a decision of a prior three-judge panel is controlling unless and until a superseding ruling comes from higher authority. (*Id.* at 14–15.) (citing *Cowan v. Davis*, No. 1:19-CV-00745-DAD, 2020 WL 4698968, at *4 (E.D. Cal. Aug. 13, 2020), and *Aleman Gonzalez v. Barr*, 955 F.3d 762, 768–69 (9th Cir. 2020)). Forde also contends that even if there is some tension between *Beeler* and *Smith*, the Court is obligated to apply prior circuit precedent if it can do so "without running afoul of the intervening authority." (*Id.* at 15) (quoting *Aleman Gonzalaz*, 955 F.3d at 768–69).

While the Court generally agrees with Forde's assertions, the resolution of this issue

is straightforward. The Court is bound by the holdings in *Beeler* and *Smith*. The Ninth Circuit in *Beeler* did not directly address whether prospective tolling was permissible; the issue was whether the statute of limitations was subject to equitable tolling at all. *See Beeler*, 128 F.3d at 1285 (deciding whether the AEDPA's one-year statute of limitations was subject to equitable tolling or was an inflexible limitation on federal court jurisdiction). After deciding the statute of limitations could be tolled, the Ninth Circuit went on to affirm the district court's decision to allow Beeler more time to file his petition after his first attorney withdrew from representation, but it is not evident from the opinion that the district court's decision to toll, in contrast to its legal authority to toll, was even at issue on appeal. *Id.* at 1289. *Beeler* simply stands for the proposition that the AEDPA is subject to equitable tolling and this is clearly reconcilable with *Smith*.

Neither the Supreme Court nor the Ninth Circuit has directly addressed the availability of prospective tolling of federal habeas petitions. But the Ninth Circuit in *Smith* has instructed this Court to assess a petitioner's diligence "*up to the time of filing his claim in federal court.*" *Smith*, 953 F.3d at 598–99 (emphasis added). This is not irreconcilable with the holding in *Beeler*.

Nonetheless, Forde suggests that *Beeler* and *Smith* can be reconciled, and to the extent this is accomplished by reviewing the facts and circumstances of this case she is correct. (Doc. 20 at 15) (citing *Holland*, 560 U.S. at 649–50). The "exercise of a court's equity powers must be made on a case-by-case basis" as it "enables courts to meet new situations that demand equitable intervention, and to accord all the relief necessary to correct particular injustices." *Holland*, 560 U.S. at 649–50.

In support of her assertion that her investigation and representation have been disrupted, Forde has provided declarations from Jasmine North and Rebecca Postyeni, investigators for the Office of the Federal Public Defender for the District of Arizona ("FPD"), and Kim Diulus, a paralegal for the FPD. (Doc. 20-1.)

The Court finds that the ongoing pandemic is an extraordinary circumstance that

has hindered Forde's counsel by preventing or delaying in-person contact with Forde and obstructing counsel's attempts to obtain records and interview relevant witnesses. *Cf. Brown v. Davis*, No. 1:19-CV-01796-DAD, 2020 WL 5069654, at *7 (E.D. Cal. Aug. 27, 2020) ("[T]he ongoing COVID-19 pandemic . . . will continue to impede record assembly and review, lay and expert discovery, claim investigation and development, and preparation of a complete federal habeas petition."); *Cowan*, 2020 WL 4698968, at *5 ("The COVID-19 pandemic undoubtedly presents an extraordinary circumstance impacting petitioner's right to the assistance of appointed habeas counsel in preparing his federal petition.").

However, the Court cannot evaluate Forde's diligence in all time periods—before, during, and after the COVID-19 pandemic—until Forde has filed a petition. *See Smith*, 953 F.3d at 593 n.3 ("[A] petitioner [needs] to show his diligence continued up through the point of filing his habeas petition in federal court."). The Court cannot, based on Forde's motion, make an informed ruling on when the impediment began, when it abated, and whether Forde was sufficiently diligent in the periods before and after the impediment. *See Smith*, 953 F.3d at 591–92 (explaining that requiring reasonable diligence through to the moment of filing protects the rights of all parties without unnecessarily sacrificing one to the other).

The Court will grant, however, Forde's alternative request for leave to file an amended petition. The Court is convinced that this is the only way to protect the interests and rights of both parties. The Court has concerns that, in light of *Smith*, granting Forde's motion for prospective tolling may negatively impact some of her claims. *See Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012) ("AEDPA's one-year statute of limitations in § 2244(d)(1) applies to each claim in a habeas application on an individual basis.")  A blanket authorization of equitable tolling for a pre-determined period of time, if later determined to have been granted in error, could result in the loss of some of Forde's claims. The Court shares the opinion of Judge Edmund A. Sargus, Jr., in the Southern District of

Ohio, that "the novelty of the issue presented herein militates in favor of taking the more cautious approach for which the Court has opted." *Pickens v. Shoop*, No. 19-cv-558, 2020 WL 3128536, *3 (S.D. Ohio, June 12, 2020). The proposed plan also alleviates Respondents' concerns that a blanket authorization of prospective equitable tolling for all claims would preclude them from arguing, once they are privy to Forde's claims, that equitable tolling is inappropriate for claim-specific reasons.[2]

In *Pickens*, the court denied a habeas petitioner's request for equitable tolling, but granted 94 days "from the date the state of emergency is lifted" to file an amended petition for habeas corpus. *Id.* As the court noted, a party "may amend its pleading only with the opposing party's written consent or the court's leave," which should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Respondents have consented to the filing of an amended petition 180 days after the petition is filed.

Accordingly,

**IT IS ORDERED** denying Forde's motion for equitable tolling (Doc. 20) without prejudice.

**IT IS FURTHER ORDERED:**

1. Forde shall file a Petition for Writ of Habeas Corpus no later than **August 10, 2021**.

2. Forde shall file an amended Petition for Writ of Habeas Corpus no later than **February 7, 2022**.

3. Respondents shall file an Answer no later than **June 6, 2022**.

4. Forde shall file a reply no later than **July 25, 2022**.

5. Any notice of a request for evidentiary development shall be filed no later than **September 21, 2022**.

---

[2] For instance, Respondents indicate they may dispute Forde's preference to conduct in-person rather than virtual witness interviews is an impediment that prevented the timely filing of one or more habeas claims but may not challenge Forde's experts' inability to administer in-person testing because of the restriction on prison visitation for claims that turn on expert opinions. (*See* Doc. 22 at 5 n.3.)

6. A response to any notice of request for evidentiary development shall be filed no later than **November 21, 2022**.

7. A reply to any response to a notice of a request for evidentiary development shall be filed no later than **December 5, 2022.**

Dated this 9th day of August, 2021.

Honorable Scott H. Rash
United States District Judge