**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawna Forde, | No. CV-21-00098-TUC-SHR |
| Petitioner, | <u>DEATH PENALTY CASE</u> |
| v. | **Order Denying Stay** |
| David Shinn, et al., | |
| Respondents. | |

Pending before the Court is Petitioner Shawna Forde's Motion to Stay Deadlines Pending *Cruz.* (Doc. 35.) Forde, an Arizona death row inmate, filed a habeas corpus petition on August 10, 2021. (Doc. 27.) Forde's amended habeas corpus petition is due June 8, 2022. (*See* Doc. 33.) Respondents have not yet filed an answer. Forde moves to stay these proceedings in light of the Supreme Court's grant of a writ of certiorari in *Cruz v. Arizona*, 142 S. Ct. 1412 (U.S. Mar. 28, 2022) (Mem.). Respondents do not intend to file a response but indicate their objection to the stay. (*See* Doc. 35.) Alternatively, they have indicated if the Court grants the stay, it should stay only the deadlines and not the case. (*Id.*)

## DISCUSSION

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action

1   before it, pending resolution of independent proceedings which bear upon the case." *Leyva*

2   *v. Certified Grocers of California*, 593 F.2d 857, 863 (9th Cir. 1979); *see Lockyer*, 398

3   F.3d at 1110–11 (stay may be appropriate where the resolution of issues in the other

4   proceeding would assist in resolving the proceeding sought to be stayed).

5        In *Cruz*, the United State Supreme Court will consider an issue relevant to the

6   potential procedural responses of Forde's sentencing-stage habeas claims. The claims

7   allege errors under *Simmons v. South Carolina*, 512 U.S. 154 (1994), which held that when

8   future dangerousness is an issue in a capital sentencing determination, the defendant has a

9   due process right to require his jury to be informed of his ineligibility for parole. In *State*

10  *v. Cruz*, 251 Ariz. 203 (2021), the Arizona Supreme Court held that *Lynch v. Arizona*, 578

11  U.S. 613 (2016) (per curiam), which applied *Simmons* to Arizona capital sentencing, did

12  not represent a significant change in Arizona law under Arizona Rule of Criminal

13  Procedure 32.1(g). The United States Supreme Court granted certiorari to consider whether

14  that holding "is an adequate and independent state-law ground for the judgment." *Cruz*,

15  142 S. Ct. 1412.

16       The proceedings in the Supreme Court may or may not bear directly upon

17  sentencing-related issues in Forde's petition, since the argument they apply turns on

18  whether Respondents raise a procedural defense identical to the one in *Cruz*. Therefore, it

19  would be premature to stay the case or the deadlines at this time. The Court will consider

20  another motion after Respondents have filed their Answer.

21       Accordingly,

22       **IT IS ORDERED denying** Forde's motion to stay the case. (Doc. 35.)

23       Dated this 25th day of May, 2022.

24

25

26

27       Honorable Scott H. Rash
         United States District Judge

28

- 2 -