WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawna Forde,<br><br>    Petitioner,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>    Respondents. | No. CV-21-00098-TUC-SHR<br><br>**Order Granting Motion to Exceed Page Limit**<br><br><u>DEATH PENALTY CASE</u> |

    Before the Court is capital habeas petitioner Shawna Forde's motion to exceed the page limit for her second amended petition. (Doc. 61.) Respondents oppose the motion in part. (Doc. 63.)

    Forde seeks to exceed by 97 pages the District's 200-page limit on capital habeas petitions. *See* LRCiv. 3.5(b). Under Rule 3.5(b) the Court may grant leave to exceed the limit if the petitioner "demonstrates good cause for doing so." LRCiv 3.5(b).

    The Court previously granted Forde's requests to exceed the page limit by 100 pages for her first petition, subject to post-lodging objections by Respondents. (*See* Doc. 26.) Subsequently Forde filed an initial Petition totaling 242 pages and a First Amended Petition totaling 243 pages; Respondents did not object to the length of either petition. (*See* Docs. 27, 41.) After initial counsel withdrew, the Court appointed new counsel and set a date of December 8, 2023, for Forde to file a Second Amended Petition. On that date Forde filed the pending motion to exceed the page limits and lodged the overlong proposed second amended petition. (Docs. 61, 62.)

    Respondents oppose the motion to the extent Forde requests to expand the limit

beyond the initial 241-page petition, arguing Forde will largely be limited to the state court record during this litigation and prohibited from presenting new evidence to this Court. (Doc. 63.)  Despite Forde having lodged a Second Amended Petition (Doc. 62) along with her motion to exceed, Respondents' objections are vague as to why Forde's motion should not be granted in relation to the lodged petition.  As noted by Forde, the combined total number of pages of appellate and postconviction briefing filed in state court exceed her request here by over 80 pages.  While direct comparison with state court proceedings is not possible, the length of Forde's state court briefing is an indication of what might be considered appropriate in a subsequent habeas petition since Forde must not only set forth the background of claims denied by the state court which she wishes to raise in her federal petition, but must also elaborate on the procedural status and timeliness of potentially procedurally defaulted or untimely claims, and explain how the state court's rulings on exhausted claims satisfy the requirements of 28 U.S.C. § 2254.

For the reasons articulated in the motion the Court finds good cause exists to grant leave for Forde to exceed the page limit.  Accordingly,

**IT IS HEREBY ORDERED GRANTING** Forde's motion to exceed page limits (Doc. 61).

**IT IS FURTHER ORDERED** the Clerk file the proposed Second Amended Petition for writ of habeas corpus (lodged at Doc. 62).

**IT IS FURTHER ORDERED** Respondents are permitted to exceed the 200-page limitation on the length of the response to the petition under LRCiv 3.5(b) by 97 pages.

Dated this 11th day of January, 2024.

Honorable Scott H. Rash
United States District Judge