**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawna Forde,<br>　　　　Petitioner,<br>v.<br>Ryan Thornell,<br>　　　　Respondent. | No. CV-21-00098-TUC-SHR<br>**ORDER**<br><u>DEATH PENALTY CASE</u> |

Pending before the Court is Petitioner Shawna Forde's Motion for Stay Under *Rhines v. Weber*, 544 U.S. 269 (2005), and a request for authorization for federal habeas counsel to represent her in the Arizona courts for the purpose of exhausting Claims Two (A) and (B), and Three (A), (L), and (M) of her habeas petition. (Doc. 78.) Also pending is Forde's Motion to Stay Briefing Schedule. (Doc. 79.) The motions are fully briefed. (Docs. 81, 84.) For the following reasons, the Court will grant both motions.

**I.　　BACKGROUND**

Forde is an Arizona death row inmate seeking habeas relief in this Court. She was convicted in Pima County Superior Court of two counts of first-degree felony murder and six other felonies committed during a home invasion in May 2009. *State v. Forde*, 315 P.3d 1200, 1209 (Ariz. 2014). Forde's trial took place in January and February of 2011. During the aggravation phase, the jury found four aggravating factors. *Id.* at 1210. After receiving evidence in the penalty phase, the jury determined Forde should be sentenced to death for each murder. *Id.* The trial court then imposed death sentences for the murders

and prison sentences totaling 75 years for the noncapital counts. *Id.*

The Arizona Supreme Court affirmed Forde's death sentences on direct appeal in 2014. *Id.* at 1234. The trial court subsequently denied post-conviction relief ("PCR") on April 27, 2018, and the Arizona Supreme Court summarily denied review on October 7, 2020. (*See* Doc. 66 at 22.)

Forde initiated federal habeas proceedings on March 9, 2021 (Doc. 1), and she filed a second amended petition ("Petition") on January 11, 2024, raising 35 claims and numerous subclaims (Doc. 66). In their Answer to the Petition, Respondents allege all the claims at issue in this motion to stay are technically exhausted and procedurally defaulted as well as meritless. (*See* Doc. 75 at 25–51, 70–73, 101–05.)

**II.   Discussion**

   **A. Stay and Abeyance**

Federal courts may not grant a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The exhaustion requirement is "grounded in principles of comity" as it gives the States "the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

When a petitioner presents a mixed habeas petition containing both exhausted and unexhausted claims, a *Rhines* stay "allow[s] habeas petitioners to exhaust claims in state court that had not previously been presented there, and to do so without dismissing their federal habeas petition" and "without running afoul of the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")." *Doerr v. Shinn*, 127 F.4th 1162, 1170 (9th Cir. 2025).

Under *Rhines*, "a district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics." *Wooten v. Kirkland*, 540 F.3d 1019,

1023 (9th Cir. 2008) (citing *Rhines*, 544 U.S. at 278).

The *Rhines* "good cause" standard does not require "extraordinary circumstances." *Id.* at 1024 (quoting *Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005)). However, courts "must interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's instruction in *Rhines* that the district court should only stay mixed petitions in 'limited circumstances.'" *Id.* (quoting *Jackson*, 425 F.3d at 661). Courts must also "be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." *Id.* (citing *Rhines*, 544 U.S. at 276–77).

### B. Exhaustion

Before applying the *Rhines* criteria to Forde's claims, the Court must first determine if Forde has presented a mixed petition by including unexhausted claims in her request for habeas relief.

A claim is exhausted if (1) the petitioner has fairly presented the federal claim to the highest state court with jurisdiction to consider it or (2) no state remedy remains available for the claim. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). The latter form of preclusion is referred to as "technical exhaustion." *See Coleman*, 501 U.S. at 732 ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him."); *Smith v. Baldwin*, 510 F.3d 1127, 1139 (9th Cir. 2007) (observing if state court where petitioner would be required to present the claims would find the claims procedurally barred, petitioner has technically exhausted the claims through procedural default); *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) ("An unexhausted claim will be procedurally defaulted[] if state procedural rules would now bar the petitioner from bringing the claim in state court.").

Therefore, in the present case, for the claims that were not raised in state court, the Court must first determine whether Forde has state remedies currently available to her. *See Ortiz v. Stewart*, 149 F.3d 923, 931 (9th Cir. 1998) (explaining district court must consider

whether the claim could be pursued by any presently available state remedy), *overruled on other grounds by Martinez v. Ryan*, 566 U.S. 1 (2012). If no remedies are available, Forde's claims are "technically" exhausted but procedurally defaulted. *Coleman*, 501 U.S. at 732, 735 n.1.

Forde alleges trial counsel were ineffective for: (1) failing to investigate, develop, and present mitigation evidence at the penalty phase, Claim Two (A) (*see* Doc. 66 at 32–90); failing to object to the trial court repeatedly misinforming the jury that Forde could be sentenced to life with parole and failing to request an instruction that Forde was ineligible for parole under *Simmons v. South Carolina*, 512 U.S. 154 (1994),[1] Claim Two (B) (*see id.* at 90–93); failing to use the mitigating evidence at the guilt phase, Claim Three (A) (*see id.* at 108–13); failing to present a coherent theory of defense to show Forde was not guilty of felony murder by assisting one of her co-defendants after the fact, Claim Three (L) (*see id.* at 154–58); and failing to present a viable defense to felony murder, Claim Three (M) (*see id.* at 158–66). The parties agree the claims were not raised in state court. (Doc. 66 at 32, 107; Doc. 75 at 26, 70.)

Respondents argue the claims are technically exhausted and procedurally defaulted. (Doc. 75 at 26, 48, 70; Doc. 81 at 4.) Respondents assert the claims would be precluded in a successive PCR petition under Arizona Rule of Criminal Procedure 32.2(a)(3) because Forde could have raised them in her first post-conviction proceeding in state court, where she elected to raise other ineffective assistance of counsel ("IAC") claims but did not, and because they are time-barred under Rule 32.4(b)(3)(A). (Doc. 81 at 10–11, n.3.)

Forde disagrees. Citing *Doerr*, 127 F.4th at 1175, she asserts the ineffective assistance of post-conviction counsel and changes in federal habeas law support her request for a stay. (Doc. 84 at 4–5.) "[T]he rule of procedural default applies only when 'it is clear

---

[1] In *Simmons*, the Supreme Court held "where the defendant's future dangerousness is at issue, and state law prohibits the defendant's release on parole, due process requires that the sentencing jury be informed that the defendant is parole ineligible." 512 U.S. at 156; *see Lynch v. Arizona*, 578 U.S. 613 (2016) (holding *Simmons* applies to Arizona capital cases). In Arizona, parole is available only for juveniles and individuals who committed a felony before January 1, 1994, A.R.S. § 41-1604.09(I), categories that do not include Forde.

- 4 -

that the state court would hold the claim procedurally barred.'" *Doerr*, 127 F.4th at 1171 (quoting *Franklin v. Johnson*, 290 F.3d 1223, 1230–31 (9th Cir. 2002)).

Arizona's procedural default rule precludes any post-conviction claim "waived at trial or on appeal, or in any previous post-conviction proceeding, except when the claim raises a violation of a constitutional right that can only be waived knowingly, voluntarily, and personally by the defendant." Ariz. R. Crim. P. 32.2(a)(3). "[A]ll known claims for relief [must be raised] in a single petition to prevent endless trial-court reviews of the same case." *State v. Anderson*, 547 P.3d 345, 350 (Ariz. 2024). The preclusive effect of Rule 32.2(a) may be avoided only if a claim falls within certain exceptions and the petitioner can justify her omission of the claim from a prior petition or her failure to present the claim in a timely manner. *See* Rule 32.1(b)–(h), 32.2(b), 32.4(b)(3). The Ninth Circuit has held "[Rule] 32.2(a)(3) is independent of federal law and has been regularly and consistently applied, so it is adequate to bar federal review of a claim." *Jones v. Ryan*, 691 F.3d 1093, 1101 (9th Cir. 2012).

Under Arizona law, collateral review proceedings are the first point at which an IAC claim may be presented for review. *State v. Spreitz*, 39 P.3d 525, 527 (Ariz. 2002). However, "[t]he ground of ineffective assistance of counsel cannot be raised repeatedly" in state court. *Anderson*, 547 P.3d at 350 (citation omitted). Generally, where an IAC claim was raised or could have been raised in a previous Rule 32 PCR proceeding, "subsequent claims of ineffective assistance will be deemed waived and precluded." *Id.* (quoting *Spreitz*, 39 P.3d at 526); *see* Ariz. R. Crim. P. 32.2(a)(3).

The Arizona Supreme Court recently explained whether a defendant must personally waive an IAC claim to warrant preclusion under Rule 32.2(a)(3) depends on the particular right implicated by the allegedly ineffective representation. *State v. Traverso*, 576 P.3d 97, 105 (Ariz. 2025).

The right to counsel, to a jury trial, and to a twelve-person jury have been identified as belonging to the narrow category of rights of sufficient constitutional magnitude to require a defendant's knowing, voluntary, and personal waiver. *Id.* at 106. In *Traverso*,

the IAC claim at issue concerned the defendant's right to be sufficiently informed of the prosecution's plea offer and to decide whether to accept it, plead guilty, and waive a jury trial; the court found the claim to be of sufficient constitutional magnitude to require the defendant's knowing, voluntary, and personal waiver. *Id.* at 107. Forde has failed to demonstrate the IAC claims at issue in this Motion depend on a right of sufficient constitutional magnitude to require a personal waiver, and the Court finds there is no exception to preclusion under Arizona law applicable to her IAC claims.

However, because Rule 32 is also "designed to accommodate the unusual situation where justice ran its course and yet went awry," *Anderson*, 547 P.3d at 351 (quoting *State v. Carriger*, 692 P.2d 991, 995 (1984)), Forde may be able to demonstrate other circumstances sufficient to show "a nontrivial possibility that an Arizona court would find an exception to the preclusion bar of Rule 32.2(a)(3)," *Doerr*, 127 F.4th at 1174.

In *Doerr*, the Ninth Circuit reiterated, under Arizona law, ineffective assistance by itself does not warrant an exception to preclusion. "[N]either a defendant's absence of fault nor ineffective assistance of postconviction counsel by itself 'automatically warrants an exception to preclusion.'" *Doerr*, 127 F.4th at 1173 (quoting *id.* at 1179 (Forrest, J., dissenting)); *see Hampton v. Shinn*, 143 F.4th 1047, 1063 (9th Cir. 2025) (refusing to "backtrack from [the court's] default understanding that Arizona law generally precludes later post-conviction relief where the petitioner failed to raise a claim before the state courts"); *Anderson*, 547 P.3d at 350–51 ("This Court has rejected an approach to Rule 32 proceedings that would create 'a never-ending tunnel' in which 'defendants could endlessly litigate effectiveness of counsel by claiming that their latest version . . . was not presented on earlier petitions due to counsel's inadequate representation.") (quoting *State v. Mata*, 916 P.2d 1035, 1050 (Ariz. 1996) (alteration in *Mata*)). Thus, to the extent Forde alleges a petitioner can overcome state court default due to the ineffectiveness of PCR counsel by itself, (*see* Doc. 84 at 6), the Court disagrees.

However, faced with other "unusual circumstances" and "[g]iven the existence" of two Arizona Supreme Court decisions—*Anderson* and *State v. Diaz*, 340 P.3d 1069 (Ariz.

- 6 -

2014)—setting out "narrow exceptions to procedural default for when the purposes of the rule are not served by circumstances beyond the petitioner's control," *Hampton*, 143 F.4th at 1063–64, the Ninth Circuit in *Doerr* determined it could not "confidently predict" whether Arizona courts would enforce the procedural default rule against a petitioner based in part on his failure to raise his claim of IAC at sentencing in his first PCR petition. *Doerr*, 127 F.4th at 1173.

*Anderson* and *Diaz* illustrate a "limited unusual-circumstances exception to procedural default where the purpose of Rule 32.2 is not served by its application due to circumstances beyond the defendant's control that prevented presentation of his postconviction claim for decision." *Doerr*, 127 F.4th at 1178 (Forrest, J., dissenting). In *Doerr*, the petitioner argued he was "not at fault" for his failure to raise his sentencing phase IAC claim in his first post-conviction petition. *Id.* at 1172. Additionally, the *Doerr* court noted, the Supreme Court's holding in *Shinn v. Ramirez*, 596 U.S. 366 (2022), "dramatically affected Doerr's ability to litigate his ineffective assistance claim in federal court." *Doerr*, 127 F.4th at 1169. Given the existence of *Diaz* and *Anderson* and the Arizona Supreme Court's emphasis on "the need for flexibility in balancing the preclusive effects of Rule 32.2(a)(3) with the demands of fairness and justice," *id.* at 1173, the Ninth Circuit concluded these circumstances together demonstrate "there is a nontrivial possibility that an Arizona court would find an exception to the preclusion bar of Rule 32.2(a)(3)," *id.* at 1174, and therefore it "should ask rather than tell the state court how it will rule on a question of state law," *id.* at 1173 (citing *Herb v. Pitcairn*, 324 U.S. 117, 127–28 (1945)).

Accordingly, the Court examines the specific circumstances of *Anderson*, *Diaz*, and *Doerr* to determine if Forde's circumstances are sufficiently analogous to preclude a finding of technical exhaustion through procedural default.

In *Diaz*, the petitioner's first post-conviction attorney filed an untimely petition; his second filed only a notice to file a petition. 340 P.3d at 1070. When a third attorney finally filed a petition, it was summarily denied as precluded by Rule 32.2(a)(3) because the

ineffective assistance claim contained in the petition could have been raised in the two previous petitions. *Id.* This denial was affirmed on appeal. *Id.*

The Arizona Supreme Court reversed, explaining Diaz had lost the opportunity to raise his ineffective assistance claim "through no fault of his own." *Id.* at 1071. Because Diaz "was blameless regarding his former attorneys' failures to file an initial PCR petition," the court declined to "deem his IAC claim waived pursuant to Rule 32.2(a)(3)." *Id.* The court then clarified its "holding in this peculiar scenario does not frustrate Rule 32's preclusion provisions" because "[p]ermitting Diaz to file his first petition to assert an IAC claim under the circumstances here will not result in repeated review of the IAC claim; it would result in its first review." *Id.* The court continued: "Once the petition is adjudicated, and assuming that Diaz does not obtain relief, this and all other claims that Diaz might have brought will be precluded and Diaz will not be able to raise them in a successive petition." *Id.*

The Arizona Supreme Court recently reiterated *Diaz* was "ultimately decided on the basis that no PCR petition asserting an IAC claim had ever been filed until his third notice of PCR," and, "as there was no need to address the exception to the waiver requirement, there was no need for the Court to consider whether the basis for Diaz's IAC claim was of 'sufficient constitutional magnitude.'" *Traverso*, 576 P.3d at 105.

The scenario present in *Diaz,* however, is not present in Forde's case. Forde filed a PCR petition raising an IAC claim, and thus, as the Arizona Supreme Court instructs, because she has obtained an adjudication of an IAC claim and does not assert the basis for her IAC claims are of "sufficient constitutional magnitude," Forde "will not be able to raise [IAC claims] in a successive petition" under the court's holding in *Diaz*. 340 P.3d at 1071.

Next, in *Anderson*, the Arizona Supreme Court recognized another exception to preclusion for a successive claim of ineffective assistance of counsel. The case involved a defendant who was advised by counsel that parole would be available if he were found guilty at trial. 547 P.3d at 348. Relying on that advice, Anderson declined a plea deal and was convicted at trial. *Id.*

Almost twenty years after filing his initial PCR petitions, Anderson learned he was never eligible for parole because the Arizona legislature eliminated parole in 1993, seven years before his conviction. *Id.* He then filed a third PCR petition claiming ineffective assistance of counsel, explaining he had failed to timely file a notice of PCR because he only recently learned he was not parole eligible and his attorney's advice was incorrect. *Id.* The Arizona Supreme Court agreed and found Anderson "was not at fault for the pervasive confusion about parole eligibility at the time of his sentencing." *Id.* at 350. The court explained while "preclusion requires defendants to raise all *known* claims for relief in a single petition," Anderson's claim was not untimely because "it was not cognizable as a 'known' claim" when his previous PCR petitions were filed. *Id.* at 351 (citation and internal quotation marks omitted); *accord Traverso*, 576 P.3d at 107 n.12 ("Anderson's successive IAC claim was not cognizable as a known claim before he raised it in his notice of PCR, which was the first time he could have reasonably done so." (quoting *Anderson*, 547 P.3d at 351) (internal quotation marks omitted)). The court "excused Anderson's noncompliance with Rule 32.2(a)(3) on that ground as well, concluding that 'it would be inequitable to apply Rule 32.2(a)(3)'s preclusion bar to Anderson's parole-misadvice [ineffective assistance] claim where the late discovery of the claim's basis would have been excused' by Rule 32.4(b)(3)(D)." *Doerr*, 127 F.4th at 1172 (quoting *Anderson*, 547 P.3d at 351).

Unlike Anderson's *Simmons*-related IAC claim, Forde's claims were all "cognizable as . . . 'known' claim[s]" at the time she filed her PCR petition. *See Anderson*, 547 P.3d at 351 ("Anderson's 2022 notice of IAC claim was the first time he could have reasonably raised the issue of erroneous advice about the availability of parole."). If Forde's PCR counsel could have raised the claims during her initial PCR proceedings, then Arizona courts would apply the preclusion rule to preclude her from raising this claim in a successive PCR.

Forde's own argument regarding the effectiveness of PCR counsel in failing to raise a *Simmons*-related IAC claim further belies the applicability of this exception. Forde

asserts in the instant motion that PCR counsel was "on notice that *Simmons* errors were occurring routinely in Arizona, including at the time of Forde's trial." (Doc. 78 at 8.) Unlike in *Anderson*, Forde's failure to exhaust Claim Two (B) was no more than a "mere failure to recognize a valid claim might exist," *Anderson*, 547 P.3d at 350 (citation omitted), and was not due to widespread confusion about parole availability. Forde's state court PCR counsel should have understood the significance of parole ineligibility for a *Simmons* claim no later than the Supreme Court's decision in *Lynch v. Arizona*, 578 U.S. 613 (2016), where the Court clarified *Simmons* applies in Arizona. It is therefore clear the equitable exception applied in *Anderson* is not available for Forde's parole-eligibility-related IAC claim because the alleged sentencing error was known and recognized before her PCR proceedings concluded. *Cf. Anderson (Frank) v. Thornell*, No. CV-23-08023-PCT-GMS, 2024 WL 3091180, at *15 (D. Ariz. June 20, 2024) (finding *Anderson*'s equitable exception not applicable where "the claim was known and recognized well before [petitioner]'s PCR proceedings were concluded in state court").

In *Doerr*, the Ninth Circuit found—on grounds not yet decided by the Arizona courts—it could not "confidently predict" whether Arizona courts would enforce the procedural default rule against Doerr where he asserted two reasons for failing to raise his IAC claim in his first PCR petition—"the ineffectiveness of his state postconviction counsel in failing to identify his claim, and the evolution of the relevant law." *Doerr*, 127 F.4th at 1172. Because the Arizona Supreme Court had emphasized the need for flexibility in balancing the preclusive effects of Rule 32.2(a)(3) with the demands of fairness and justice, the Ninth Circuit concluded *Diaz* and *Anderson* should not be limited to the specific circumstances presented in those cases. *Id.* at 1173. Additionally, the Ninth Circuit rejected the respondents' reliance on the Arizona Supreme Court's statement in *Stewart v. Smith*, 46 P.3d 1067 (Ariz. 2002), that when a petitioner asserts an IAC claim in one PCR petition and a different IAC claim in a second PCR petition, "preclusion is required without examining facts." *Doerr*, 127 F.4th at 1173 (quoting *Stewart*, 46 P.3d at 1071); *see also Traverso*, 2025 WL 2699486, at *5–6 (declining to apply and disavowing the language in

*Stewart* requiring automatic preclusion for successive IAC claims but limiting the examination to whether the rights implicated by the IAC claims are of sufficient constitutional magnitude). The circumstances presented in *Doerr*, the Ninth Circuit concluded, are enough to show "it is not clear that the Arizona courts would hold" his claim barred. *Doerr*, 127 F.4th at 1174 (quoting *Cassett v. Stewart*, 406 F.3d 614, 623 (9th Cir. 2005)).

As the Ninth Circuit stated in *Hampton*, the "*Doerr* petition was filed at a time when federal habeas law was in flux." 143 F.4th at 1062. In *Doerr*, the Ninth Circuit explained,

> Under *Ramirez*, the new evidence Doerr presented to the district court in support of his ineffective assistance claim cannot be considered by a federal court because it was not first presented to the state court. *Ramirez* restricts Doerr to the evidence presented in state court even though the evidence that was not presented in that court, due to the fault of postconviction counsel, is the basis for his claim of ineffective assistance by that counsel. That is, after *Ramirez*, the evidence supporting Doerr's ineffective assistance claim in federal court is limited to the evidence presented by the state court counsel charged with providing ineffective assistance, despite the fact that Doerr's claim depends on the evidence that this counsel did *not* present. Doerr will be restricted to that previously presented evidence unless he is allowed to return to state court to present the new evidence upon which his claim of ineffective assistance depends.

*Doerr*, 127 F.4th at 1169.

Although "[i]t will be a rare case that is so similar to *Doerr* that there is even a question about whether Arizona's procedural default rule would apply," *Hampton*, 143 F.4th at 1063, Forde asserts, in addition to the ineffectiveness of PCR counsel, like the evolution of the relevant law in *Doerr*, those same changes in federal habeas law support Forde's request for a stay. (Doc. 84 at 5.) The Court agrees. As Respondents recently argued in their petition for rehearing in *Doerr*, the majority in *Doerr* "decided Doerr was entitled to a *Rhines* stay because the federal courts can no longer consider his new evidence under *Ramirez*." *Doerr v. Shinn*, Nos. 09-99026; 10-99007; 20-99002 (Respondents-

Appellees/Cross Appellants' Petition for Rehearing En Banc) (March 14, 2025) (Dkt. 144-1). Similarly, after *Ramirez*, this Court can no longer consider the new evidence Forde presents in her habeas petition in support of her claims of ineffective assistance of PCR counsel as cause under *Martinez* to excuse the procedural default of her unexhausted IAC claims. While there are procedural differences between the instant case and *Doerr*, as set forth below, the Court finds these differences insufficient to distinguish the holding in *Doerr*.

First, Doerr did not claim in his petition for post-conviction relief that trial counsel had provided ineffective assistance during the sentencing phase of his proceeding. *Doerr*, 127 F.4th at 1167. Forde, on the other hand, raised at least one sentencing IAC claim in her PCR, which was denied. (*See* Doc. 66, Claim Two (H).) The Court is not aware, however, of any Arizona case premising a procedural default ruling on the bifurcation of ineffectiveness claims. *See Anderson*, 547 P.3d at 350 ("Generally, 'where ineffective assistance of counsel claims are raised, or could have been raised, in a Rule 32 post-conviction relief proceeding, subsequent claims of ineffective assistance will be deemed waived and precluded.'" (citation omitted)).

Next, while Doerr's first appeal from the district court's denial of his federal habeas petition was pending, the Supreme Court decided *Martinez,* which "effectively eliminated" the district court's basis for rejecting the petitioner's argument for excusing the procedural default. *Doerr*, 127 F.4th at 1168. As such, the Ninth Circuit remanded the *Doerr* petition so the district court could hear new evidence under case law that has since been overruled. *Id.* Forde, however, initiated her habeas proceedings after the Supreme Court opened the door to the equitable consideration of the ineffective assistance of PCR counsel serving as cause to excuse the procedural default of a trial-counsel IAC claim, *see Martinez*, 566 U.S. at 1, and after the Ninth Circuit held *Martinez*'s procedural-default exception allowed federal habeas courts to consider evidence not previously presented to the state court, *see Detrich v. Ryan*, 740 F.3d 1237, 1246 (9th Cir. 2013) (en banc); *Jones v. Shinn*, 943 F.3d 1211, 1221 (9th Cir. 2019). However, the remand filings in *Doerr* and the petition in

Forde's case are on equal footing, since both were filed after the *Martinez* decision and both argue the ineffectiveness of PCR counsel excuses the procedural default of an IAC claim.

The remaining difference then, is Doerr's petition was fully briefed before the Supreme Court reversed the *Detrich* decision in *Ramirez*. Forde's petition is not yet fully briefed, and her second amended petition was filed before the decision in *Ramirez*; thus, in finalizing her petition, Forde, unlike Doerr, is cognizant of the limitations imposed by *Ramirez*. Although Forde has alleged the ineffectiveness of PCR counsel as cause to excuse the procedural default of her IAC claims, she has not yet filed a Notice of Request for Evidentiary Development, and thus it is not clear whether she will attempt to support the allegations of ineffectiveness of PCR counsel with new evidence. But certainly *Ramirez* has now impacted her ability to do so.[2]

Significantly, a different panel of the Ninth Circuit explained in *Hampton* that the "hesitation" in deciding whether an Arizona court would enforce the state's procedural default rule in *Doerr* "stemmed from the fact that the petitioner had already presented evidence on that claim—evidence that district courts are now barred from considering." 143 F.4th at 1062 (citing *Doerr*, 127 F.4th at 1173). While this may be true, the Ninth Circuit majority in *Doerr* did not explicitly constrain its finding to instances where the petitioner had already presented evidence in the district court, instead emphasizing its holding was based on the "evolution of the relevant law" in *Ramirez* preventing federal courts from hearing that evidence if a petitioner has not first presented it in state court. 127 F.4th at 1172. Additionally, the statement in *Hampton* is dicta; there, the parties agreed the claims were technically exhausted. The question before the Ninth Circuit was whether Hampton could overcome procedural default, not whether a *Rhines* stay was appropriate.

---

[2] "Ineffective-assistance claims frequently turn on errors of omission: evidence that was not obtained, witnesses that were not contacted, experts who were not retained, or investigative leads that were not pursued. Demonstrating that counsel failed to take each of these measures by definition requires evidence beyond the trial record." *Ramirez*, 596 U.S. at 402 (Sotomayor, J. dissenting) (citing *Trevino v. Thaler*, 569 U.S. 413, 424 (2013) (observing "the inherent nature of most ineffective assistance" claims means the "trial court record will often fail to 'contai[n] the information necessary to substantiate' the claim")).

In conclusion, while the Court finds Forde's circumstances are not analogous to the circumstances in *Diaz*, *Anderson*, or *Traverso*, the Court determines Forde has presented circumstances sufficiently analogous to those in *Doerr*—ineffective assistance of PCR counsel combined with the evolution of the relevant federal law—to control this Court's decision. Because, under *Doerr*, the Court cannot confidently predict whether the Arizona courts would enforce their procedural default rule against Forde based on her failure to raise ineffective assistance of trial counsel claims in her first PCR petition, these claims are unexhausted, Forde has presented a mixed petition, and a *Rhines* stay is therefore available to her.

### C. *Rhines* Analysis – Claim Two (B)

In Claim Two (B), Forde alleges the trial court repeatedly misinformed the jury she could be sentenced to life with the possibility of release. (Doc. 66 at 90–91 (citing Ariz. Rev. Stat. §§ 13-703(A), 41-1604.09(I))). "Because of the elimination of parole, however, the only 'release' available to capital defendants convicted after 1993 was, and remains, executive clemency." *Cruz v. Arizona*, 598 U.S. 17, 21 (2023). Forde was convicted of crimes that occurred after 1993 and was thus categorically ineligible for parole.

Forde alleges trial counsel was ineffective for (1) failing to object to the erroneous instruction and reinforcing the instructional error by arguing to the jury "life *with the possibility of parole* was a sufficient sentence," (Doc. 66 at 91–92 (quoting RT 2/18/11 at 53) (emphasis added)), and by failing to request a so-called *Simmons* instruction, which would have informed the jury Forde was ineligible for parole (*id.* at 92). Forde alleges trial counsel's deficient performance prejudiced her because the State put her future dangerousness at issue throughout trial, "painting Forde as a violent, unfeeling person who planned to commit more violence." (*Id.* at 93.) Finally, Forde asserts there is a reasonable probability at least one juror would not have voted for death if the jurors had been informed of the fact Forde could not pose a future danger to the public even if sentenced to life. (*Id.* at 93.)

. . . .

1.  Good Cause

Forde asserts the ineffective assistance of PCR counsel qualifies under *Rhines* as good cause for failure to exhaust Claim Two (B). (Doc. 78 at 7–9.) That Forde has no right to constitutionally effective post-conviction counsel and no right to raise a stand-alone PCR counsel ineffectiveness claim in her habeas petition, as Respondents assert, (*see* Doc. 81 at 13–14), has no bearing on this factor. The Ninth Circuit has held the ineffective assistance of post-conviction counsel can constitute good cause to obtain a stay for purposes of exhausting a claim in state court. *Blake v. Baker*, 745 F.3d 977, 982–83 (9th Cir. 2014). "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust]." *Id.* at 982. The good cause standard under *Rhines* "cannot be any more demanding than a showing of cause under *Martinez* to excuse state procedural default." *Dixon v. Baker*, 847 F.3d 714, 721 (9th Cir. 2017) (citation omitted). A district court is required to consider whether post-conviction counsel's alleged ineffectiveness provided a reasonable excuse, supported by sufficient evidence, to justify petitioner's failure to exhaust claims. *Bolin v. Baker*, 994 F.3d 1154, 1157 (9th Cir. 2021).

Forde bears the burden of supporting her good cause argument with more than "bald assertion[s]." *Blake*, 745 F.3d at 982. The petitioner in *Blake*, for example, argued he had not exhausted his ineffective assistance of trial counsel claim because state post-conviction counsel failed to discover evidence the petitioner suffered extreme abuse as a child, as well as "organic brain damage and psychological disorders." *Id.* at 982. He supported this argument with evidence of his abusive upbringing and history of mental illness. *Id.* In light of this showing, the Ninth Circuit found the district court had abused its discretion in denying a stay and remanded the case. *Id.* at 983–84.

Forde has carried her burden regarding Claim Two (B). In her habeas petition, Forde alleges her PCR counsel's performance fell below the standard of reasonably competent assistance by failing to adequately investigate and raise the unexhausted claims. (*See* Doc. 66 at 302.) In her motion for a stay, Forde points to specific deficiencies in PCR

- 15 -

1 counsel's performance regarding Claim Two (B). (*See* Doc. 78 at 8–9.) She alleges, despite the Supreme Court's decision in *Lynch* making clear *Simmons* applied in Arizona, PCR counsel failed to raise a *Simmons*-related claim. Forde alleges she was prejudiced by PCR counsel's failure to research the parole statute and Supreme Court precedent because there is a reasonable probability of a different outcome had post-conviction counsel challenged trial counsel's ineffectiveness.

Respondents disagree, asserting the jury was properly instructed because Forde's jury was told she could receive a *release*-eligible sentence, not a *parole*-eligible sentence. (*See* Doc. 75 at 48–50; Doc. 81 at 19.) The Court need not reach the issue of instructional error here because even if the instructions were correct,[3] Forde was nonetheless entitled to a *Simmons* instruction. *See Lynch*, 578 U.S. at 615 ("*Simmons* expressly rejected the argument that the possibility of clemency diminishes a capital defendant's right to inform a jury of his parole ineligibility."). Addressing this latter argument, Respondents assert the claim lacks merit because PCR counsel would have been unable to demonstrate a reasonable probability of a different outcome had trial counsel requested a *Simmons* instruction as jurors would be unlikely to believe Forde would present a danger if released at age 77. (Doc. 75 at 50–51.) Respondents cite no law in support of this assertion and Forde cites persuasive authority to the contrary. (*See* Doc. 84 at 7–8 (citing *State v. Escalante-Orozco*, 386 P.3d 798, 830 (Ariz. 2017) (finding *Simmons* error not harmless in part because defendant was "in his forties, and the jury could have believed he would live to see release" if sentenced to life without the possibility of release for 25 years), *abrogated on other grounds by State v. Escalante*, 425 P.3d 1078 (Ariz. 2018))).[4] Additionally, Forde

---

[3] The Court does not determine the instructions were correct. In *State v. Hulsey*, the Arizona Supreme Court stated instructions specifying if a jury found a life sentence appropriate, the defendant would be sentenced "to either life imprisonment without the possibility of release from prison, or life imprisonment with the possibility of release after 25 years" were "improper," and, without rectification, created the impression the defendant could be released on parole if he were not executed. 408 P.3d 408, 435–37 (Ariz. 2018); *see also Cota v. Thornell*, No. CV-16-03356-PHX-DJH, 2023 WL 4595176, at *43 (D. Ariz. July 18, 2023) (Although "instructing the jury that a life sentence might allow for release after twenty-five years" was "a correct statement of Arizona law at the time, it was an incorrect statement of clearly-established federal law, namely" *Simmons*. (citing *Cruz*, 598 U.S. at 20–22)).

[4] Forde also asserts the possibility of future release was a serious concern in her case

- 16 -

alleges the State placed her future dangerousness at issue by claiming she was "someone capable of riling up others and recruiting them to do her bidding," (Doc. 66 at 27 (citing RT 2/10/11 at 78, 80)), not because she was physically capable of carrying out the violence herself.

Because Forde does more than make a bare allegation of ineffective assistance by PCR counsel, *see Blake*, 745 F.3d at 983–84, she has demonstrated good cause under *Rhines*.

### 2. Potentially Meritorious

Forde must establish at least one of her claims is not "plainly meritless." *Dixon*, 847 F.3d at 722. A federal court should refrain from ruling on the merits of a claim unless "it is perfectly clear that the [petitioner] does not raise even a colorable federal claim." *Cassett*, 406 F.3d at 623; *see Dixon*, 847 F.3d at 722–23 (finding claim met second prong of *Rhines* test because it was not "plainly meritless"). If "a reasonable state court might be persuaded to grant relief" on a claim, it is potentially meritorious. *Gonzalez v. Wong*, 667 F.3d 965, 972 (9th Cir. 2011).

Claims of ineffective assistance of counsel are governed by the familiar principles set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail under *Strickland*, a petitioner must show counsel's representation fell below an objective standard of reasonableness and the deficiency prejudiced the defense. *Id.* at 687–88. Unless both showings are made, "it cannot be said that the conviction or death sentence resulted from

---

as evidenced by the juror questionnaires filled out by the seated jurors: "Ten of the twelve deliberating jurors ranked public protection 'against defendants who might get out of jail in the future' as one of the top two rationales that would cause them to vote in favor of imposing death." (Doc. 84 at 8; *see also* Doc. 66 at 93.) Consideration of these questionnaires is improper and the Court declines to do so. As the Arizona Supreme Court has explained, "[w]e cannot know what role the possibility of release played in the jurors' minds as they decided the propriety of the death penalty." *Escalante-Orozco*, 386 P.3d at 830 (citing *Andres v. United States*, 333 U.S. 740, 752 (1948) ("In death cases," doubts with regard to the prejudicial effect of trial error "should be resolved in favor of the accused.")); *see also Hanna v. Riveland*, 87 F.3d 1034, 1039 (9th Cir. 1996) (stating a judge conducts a proper harmless error inquiry in habeas proceedings "based on the record's facts"); *Dickson v. G.E. Sullivan*, 849 F.2d 403, 406 (9th Cir. 1988) ("[T]he question of prejudice is an objective, rather than a subjective, one."); *Walker v. United States*, 298 F.2d 217, 226 (9th Cir. 1962) ("[W]hen objection rests upon the juror's testimony as to what were the reasons that in fact induced them to find their verdict, the court will not hear them." (citation omitted)).

a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

Forde's claim of ineffective assistance of trial counsel for failing to request the jury be informed of her parole ineligibility under *Simmons* is sufficiently supported by argument and evidence. Respondents' repeated assertion Forde cannot demonstrate prejudice because the jury would be unlikely to believe Forde would present a danger if released at 77 years of age (Doc. 81 at 19) fails for the same reason discussed above. The strength of this argument is not enough to support a ruling that Forde's claim is plainly meritless for purposes of *Rhines*. Forde must only show a reasonable court could conclude "at least one juror would have struck a different balance." *Andrus v. Texas*, 590 U.S. 806, 822 (2020) (per curiam) (quoting *Wiggins v. Smith*, 539 U.S. 510, 537–38 (2003)). While the jury found substantially weighty aggravating factors for each murder charge, the availability of parole is also a significant consideration. As Justice Stevens has noted, "the available sociological evidence suggests that juries are less likely to impose the death penalty when life without parole is available as a sentence," explaining it is this insight that drove the Court's decision in *Simmons*. *Baze v. Rees*, 553 U.S. 35, 79 & n.12 (2008) (Stevens, J., concurring).

To find otherwise would require this Court to rule on the merits of Forde's IAC claim, weighing the evidence in aggravation and mitigation and considering the impact Forde's parole ineligibility would have on that calculus, and "deprive state courts of the opportunity to address a colorable federal claim in the first instance and grant relief if they believe it is warranted." *Dixon*, 847 F.3d at 722 (quoting *Cassett*, 406 F.3d at 624); *see also State v. Rushing*, 404 P.3d 240, 250–51 (Ariz. 2017) ("[I]t is not possible to know whether even the remote prospect of release affected any juror's decision to impose the death penalty."); *Escalante–Orozco*, 386 P.3d at 830 ("We cannot know what role the possibility of release played in the jurors' minds as they decided the propriety of the death penalty.").

In sum, the Court concludes at least one of Forde's unexhausted claims is not "plainly meritless." Although it remains unclear at this stage whether the claim will

eventually warrant federal habeas relief, Forde has satisfied the less-demanding standard required to obtain a stay under *Rhines*. *See Dixon*, 847 F.3d at 723 (explaining a habeas petitioner's burden to show a claim is not "plainly meritless" does not require him to "conclusively establish" his claim has merit).

The second *Rhines* criterion is satisfied.

### 3. Dilatory Litigation Tactics

Respondents do not dispute Forde has not engaged in dilatory tactics. The third *Rhines* criterion is satisfied.

Because Forde has demonstrated Claim Two (B) is not plainly meritless, she is entitled to a stay under *Rhines*. *Dixon*, 847 F.3d at 722. "One claim requiring a stay acts as an umbrella for all claims." *Brown v. Smith*, No. 1:19-CV-01796-ADA, 2023 WL 2938295, at *8 n.11 (E.D. Cal. Apr. 13, 2023) (citation omitted); *see e.g.*, *Pandeli v. Shinn*, No. CV-17-01657-PHX-JJT, 2022 WL 16855196, at *5 n.3 (D. Ariz. Nov. 10, 2022) ("[B]ecause Pandeli has demonstrated that at least one of his claims is not plainly meritless, he is entitled to a stay under *Rhines*." (citing *Dixon*, 847 F.3d at 722)).

The Court will also grant Forde's request for the FPD to represent her in pursuing these claims in state court. *See Harbison v. Bell*, 556 U.S. 180, 190 n.7 (2009) ("Pursuant to [18 U.S.C.] § 3599(e)'s provision that counsel may represent her client in 'other appropriate motions and procedures,' a district court may determine on a case-by-case basis that it is appropriate for federal counsel to exhaust a claim in the course of her federal habeas representation.").

### III. CONCLUSION

**IT IS ORDERED** Forde's motion (Doc. 78) is **GRANTED** and this case is **STAYED** and **ABEYED** pending the completion of exhaustion of Forde's state-court proceedings.

**IT IS FURTHER ORDERED** Forde's federal habeas counsel is authorized to represent her in her state-court proceedings.

**IT IS FURTHER ORDERED**, starting from this Order's filing date, Forde shall

file a report every **90 days** on the status of her state-court proceedings and within **21 days** of the state-court proceedings' conclusion, Forde shall move to have this Court lift the stay.

**IT IS FURTHER ORDERED** Forde's Motion to Stay Briefing Schedule (Doc. 79) is **DENIED** as moot.

Dated this 1st day of December, 2025.

Honorable Scott H. Rash
United States District Judge