**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawna Forde, | No. CV-21-00098-TUC-SHR |
| Petitioner, | **ORDER** |
| v. | DEATH PENALTY CASE |
| Ryan Thornell, et al., | |
| Respondents. | |

Pending before the Court is capital habeas petitioner Shawna Forde's "Motion to Temporarily Lift Stay to Amend Second Amended Petition." (Doc. 87.) On December 2, 2025, this Court granted Forde's request to stay and hold in abeyance her Second Amended Petition for a Writ of Habeas Corpus for the purpose of exhausting several claims from the petition in state court. (Doc. 86.) Forde now seeks to have the stay temporarily lifted in order to amend her petition to present an additional claim based on the Supreme Court's recent ruling in *Andrew v. White*, 604 U.S. 86 (2025). (Doc. 87.) The proposed claim, Claim Thirty-Six, is attached to the motion. (Doc. 87-1.) The matter is fully briefed. (Docs. 88, 89.)

**I.     Legal Standard**

Federal Rule of Civil Procedure 15(a) allows a petitioner to amend a filing by leave of the court at any time before trial—and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In deciding whether to permit amendment, courts consider the following factors: bad faith, undue delay, prejudice to the opposing party,

futility of the amendment, and whether the party has previously amended his pleadings. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see Foman v. Davis*, 371 U.S. 178, 182 (1962). Of these factors, prejudice to the opposing party is the most important. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990).

Leave to amend may be denied based upon futility alone. *See Bonin*, 59 F.3d at 845. To assess futility, a court necessarily evaluates whether relief may be available on the merits of the proposed claim. *See Caswell v. Calderon*, 363 F.3d 832, 837–39 (9th Cir. 2004) (conducting a two-part futility analysis reviewing both exhaustion of state court remedies and the merits of the proposed claim). If the proposed claims are untimely, unexhausted, or otherwise fail as a matter of law, amendment should be denied as futile. *See id.* "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

**II.   Discussion**

Forde moves the Court to temporarily lift the stay and allow her to amend her petition to include Claim Thirty-Six, alleging her "trial was fundamentally unfair because she was convicted and sentenced to death based on evidence grounded in sex stereotypes, in violation of the Eighth and Fourteenth Amendments." (Docs. 87, 87-1.)

While Respondents allege the claim is procedurally defaulted through technical exhaustion (Doc. 88 at 4), they do not assert they will be prejudiced by the claim, or the claim is patently frivolous, and the Court determines, for purposes of this motion only, there is no showing addition of the *Andrew* claim would be futile.

In *Holley v. Yarborough*, the Ninth Circuit held, under the Antiterrorism and Effective Death Penalty Act (AEDPA), "even clearly erroneous admissions of evidence that render a trial fundamentally unfair may not permit the grant of federal habeas corpus relief if not forbidden by 'clearly established Federal law,' as laid out by the Supreme Court." 568 F.3d 1091, 1101 (9th Cir. 2009) (quoting 28 U.S.C. § 2254(d)). Because the Supreme Court had "not yet made a clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of

the writ," the Ninth Circuit denied relief in *Holley* on a claim alleging the trial court's admission of pornographic materials resulted in a fundamentally unfair trial despite having reached the conclusion the admission of the evidence in fact rendered the petitioner's trial fundamentally unfair. *Id.* at 1101, n.2. The Ninth Circuit explained why it was powerless to issue the writ under these circumstances:

> Although the Court has been clear that a writ should be issued when constitutional errors have rendered the trial fundamentally unfair, *see Williams [v. Taylor],* 529 U.S. [362,] 375 [(2000)], it has not yet made a clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ. Absent such "clearly established Federal law," we cannot conclude that the state court's ruling was an "unreasonable application." [*Carey v.*] *Musladin,* 549 U.S. [70,] 77 [(2006)]. Under the strict standards of AEDPA, we are therefore without power to issue the writ on the basis of [the petitioner's] additional claims.

*Id.* at 1101. Subsequently, courts considering claims that the admission of irrelevant or prejudicial evidence rendered a petitioner's trial fundamentally unfair in violation of due process have found them "foreclosed in light of the fact that there is no clearly established Federal law 'ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ.'" *Allen v. McDaniel*, No. CV 07-1264 PHX-NVW (HCE), 2009 WL 2710197, at *17 (D. Ariz. Aug. 26, 2009) (quoting *Holley*, 568 F.3d at 1101); *see, e.g.*, *Nava v. Diaz*, 816 F. App'x 192, 193 (9th Cir. 2020) (mem.); *Hale v. Cate*, 530 F. App'x 636, 638 (9th Cir. 2013); *Garza v. Yates*, 472 F. App'x 690, 692 (9th Cir. 2012); *Walden v. Shinn*, 990 F.3d 1183, 1202 (9th Cir. 2021).

The Supreme Court's decision in *Andrew* seemingly opens this previously closed door to consideration of claims alleging the trial court's mistaken admission of irrelevant evidence was so unduly prejudicial that it rendered a trial fundamentally unfair in violation of a petitioner's due process rights. *See Andrew*, 604 U.S. at 96 (citing *Payne v. Tennessee*, 501 U.S. 808, 825 (1991)). Thus, this Court cannot say Forde's proposed amendment is futile.

Additionally, while Respondents assert the claim does not relate back to Forde's original petition for purposes of compliance with AEDPA's imposition of a one-year statute of limitations for the filing of federal habeas corpus petitions, *see* 28 U.S.C. § 2244(d), they do not contest Forde's assertion the claim, filed within one year of the Supreme Court's decision in *Andrew*, is timely under the provisions of 28 U.S.C. § 2244(d)(1)(C) or (D). (Doc. 88 at 4.)

Respondents, however, question why lifting the stay is necessary at this point, or why Forde cannot address this amended claim after the state court proceedings have run their course. (Doc. 88 at 5.) The Court agrees, and indeed, Forde asserts her motion to temporarily lift the stay and amend her petition is for purposes of preserving her *Andrew* claim under the "protective petition" provision in *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), and she intends to further amend her petition after the conclusion of state court proceedings. (Doc. 87 at 2–3.) In *Pace*, the Supreme Court suggested petitioners who are "reasonabl[y] confus[ed]" about whether their state court filing would be timely may file a "'protective' petition" in federal court and request a stay until their state court remedies are exhausted. 544 U.S. at 416. Because Forde has already obtained a stay of these proceedings and intends to exhaust her *Andrew* claim in her state court proceedings (*see* Doc. 87 at 5), the Court will consider Forde's *Andrew* claim "protectively" filed as contemplated in *Pace*, but deny Forde's motion to amend without prejudice. Forde may refile her motion to amend her petition after the conclusion of state court proceedings.

### III.   Conclusion

**IT IS ORDERED** Forde's Motion to Temporarily Lift Stay to Amend the Second Amended Petition (Doc. 87) is **DENIED** without prejudice to refiling after the conclusion of state court proceedings.

**IT IS FURTHER ORDERED** the Court finds Claim Thirty-Six "protectively" filed as contemplated in *Pace*, 544 U.S. at 416.

Dated this 23rd day of February, 2026.

Honorable Scott H. Rash
United States District Judge